**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| M. NAWAZ RAJA, *et al.*, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) No. 16-cv-0511 (KBJ) |
|  | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER
## PARTIALLY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING SERVICE

Pro se Plaintiffs, a married couple, maintain that their 2006 home loan refinancing was unlawfully procured, and that subsequent attempts to foreclose on their home were therefore illegal. (*See* Compl., ECF No. 1, ¶¶ 39, 193, 204; Pls.' Resp. to Order to Show Cause, ECF No. 5, at 1.) On March 17, 2016, Plaintiffs filed the instant lawsuit against 18 defendants (primarily banks, along with a government regulator and an individual), asserting nine counts, including Truth in Lending Act violations, breach of contract, fraud, and unjust enrichment. (*See generally* Compl.) Since the filing of the complaint, Plaintiffs have attempted to effect service of process on the defendants in various ways, and Magistrate Judge Deborah Robinson—to whom this Court randomly referred the matter for full case management—has considered the parties' service-related arguments on at least two separate occasions.

Before this Court at present is Magistrate Judge Robinson's Report and Recommendation ("R & R") dated August 16, 2017, which finds that Plaintiffs have

1

failed to demonstrate proper service of process upon any of the defendants, and recommends that 16 of the 18 Defendants be dismissed from the action on that basis. (*See* R & R, ECF No. 44, at 2–3.)[1]  Plaintiffs have filed a timely objection, in which they contest the R & R's finding that Defendants "were not served as of the June 16, 2017 deadline" (*id.* at 1) and ask this Court to "find that [D]efendants have been timely and properly served" (Pls.' Objs. to R & R ("Pls.' Objs."), ECF No. 46, at 20), so that this case can continue.

This Court need not go that far.  For the reasons explained below, the Court agrees with the Magistrate Judge that there is no factual basis for a finding that Plaintiffs effected service properly by the court-ordered deadline, but this Court also finds that Plaintiffs (who are proceeding pro se) were never given a clear explanation of *why* their prior attempts at service were deemed deficient, and they were not provided the customary notice of the consequences of their failure to effect proper service upon Defendants.  Therefore, the Court will **ADOPT** the R & R's findings about service, but will **DECLINE** to dismiss the case as the Magistrate Judge recommends, and will grant Plaintiffs one more opportunity to effect proper service.

## I.     BACKGROUND

Plaintiffs filed their complaint in this matter on March 17, 2016 (*see* Compl.), and filed service affidavits three months later, on June 17, 2016 (*see* Affs. of Service, ECF No. 3).  Plaintiffs filed a Motion for Entry of Default on November 29, 2016, after it appeared that all of the defendants had failed to respond to the complaint timely.

---

[1] The Report and Recommendation is attached hereto as Appendix A.  Page-number citations to the Report and Recommendation, as well as the documents that the parties have filed, refer to the page numbers that the Court's electronic filing system automatically assigns.

(*See* Pls.' Mot. for Entry of Default, ECF No. 7; *see also* Min. Order of Nov. 8, 2016). On May 24, 2017, Magistrate Judge Robinson convened a status conference to address the Motion for Entry of Default, during which she heard arguments from both Plaintiff M. Nawaz Raja and counsel for 11 of the defendant-entities, who had entered a limited appearance for the sole purpose of contesting service. (*See* Min. Order of May 25, 2017.)[2] The Magistrate Judge did not rule from the bench regarding the service dispute during the status conference, nor did she provide any oral statement regarding whether or not Plaintiffs' process servers had effectively served Defendants. Rather, the dispute was resolved via a Minute Order that stated simply that "the undersigned finds that Defendants have not been served." (*Id.*) The Minute Order further denied Plaintiffs' Motion for Entry of Default, and set a new deadline of June 16, 2017, by which Plaintiffs "shall effect service of process upon all Defendants." (*Id.*)

On July 19, 2017, the 11 Defendants that had appeared at the status conference filed a notice that informed the Court that they had not been properly served with process as of the June 16, 2017 deadline. (*See* Defs.' Notice of Failure to Serve ("Eleven Defs.' Notice"), ECF No. 35.) Two other Defendants also filed a notice of failure to serve. (*See* Defs. IndyMac Venture and IMB Holdco's Notice of Failure to Serve, ECF No. 37.) Plaintiffs responded by filing rebuttals to both notices, detailing their methods of service and arguing that Defendants had, in fact, been properly served. (*See* Pls.' Rebuttals to Notices of Failure to Serve, ECF Nos. 39 & 40). Defendants IndyMac ABS, Inc. and IndyMac MBS, Inc. filed a response to Plaintiffs' rebuttal (*see*

---

[2] Although the May 25, 2017 Minute Order states that "counsel for twelve Defendants" appeared at the status conference, a review of the record suggests that counsel for 11 Defendants appeared, which is also the number subsequently indicated in the Report and Recommendation. (*See* R & R, at 1 (discussing "the eleven Defendants who appeared at the status conference").)

3

Resp. to Rebuttal to Alleged Notice of Failure to Serve, ECF No. 42), as did the Federal Deposit Insurance Corporation ("FDIC"), as receiver for both IndyMac Bank, F.S.B. and IndyMac Federal Bank (*see* FDIC Defs.' Resp. to Pls.' Rebuttal to Alleged Failure to Serve, ECF No. 43).

On August 16, 2017, Magistrate Judge Robinson issued the instant Report and Recommendation. (*See* R & R.) As mentioned above, the R & R finds that Plaintiffs failed to meet the court-ordered deadline to demonstrate effective service of process, and as a result, recommends that the case be dismissed as to the 11 Defendants "who appeared at the status conference and subsequently filed a notice"[3] and also the five Defendants who "have not appeared, but as to whom Plaintiffs have failed to effect service."[4] (*Id.* at 2, 3.) As cause for the dismissal recommendation, the Magistrate Judge states that Plaintiffs had filed "no return of service affidavit relating to any Defendant" as of the date of the R & R, and that "[t]he efforts described by Plaintiffs [in their rebuttal filings] cannot be said to comply with the requirements for service enumerated in the Federal Rules." (*Id.* at 2, 2 n.2.)[5]

---

[3] These Defendants are: Federal Deposit Insurance Corporation; OneWest Bank; IndyMac Mortgage Services; IndyMac MBS, Inc.; IndyMac ABS, Inc.; Deutsche Bank National Trust Company; Deutsche Bank AG; Deutsche Bank Securities, Inc.; Mortgage Electronic Registration Systems, Inc.; Merscorp, Inc.; and Merscorp Holdings, Inc. (*See* R & R at 2.) The R & R lists Mortgage Electronic Registration Systems twice and omits Merscorp Holdings, Inc., but a review of the record indicates that Merscorp Holdings, Inc. is one of the 11 Defendants that appeared at the status conference and also filed a notice of failure to serve. (*See* FTR Gold Recording of May 24, 2017 Status Conf.; Eleven Defs.' Notice.)

[4] These Defendants are: IndyMac Bank F.S.B., IndyMac Federal Bank, IndyMac INDX 2006-AR8, CIT Bank N.A., and Mike Perry. (*See* R & R at 3.)

[5] The R & R did not make any recommendation as to the two remaining Defendants in this case—IndyMac Venture, LLC and IMB Holdco, LLC—apparently because those defendants had "moved for an extension of time . . . to answer or otherwise respond to Plaintiffs' Complaint" at the time that the R & R was issued. (R & R at 1 n.1.) These Defendants subsequently filed a motion to dismiss (after the R & R issued), and in that motion these Defendants argued, *inter alia*, that the case should be dismissed for insufficient service of process under Rule 12(b)(5). (*See* Mem. in Supp. of Defs. IndyMac Venture, LLC and IMB HoldCo, LLC's Mot. to Dismiss, ECF No. 45-1, at 9–10.)

4

Plaintiffs filed a timely objection to the R & R on August 29, 2017 (*see* Pls.' Objs.), to which 11 Defendants have responded (*see* Opp'n to Pls.' Objs. to R & R, ECF No. 48; *see also* Pls.' Rebuttal to IndyMac ABS and IndyMac MBS's Alleged Joinder Opp'n to Pls.' Obj. to R & R ("Pls.' Reply"), ECF No. 50). Although Plaintiffs' arguments are at times difficult to follow, their filing specifically recounts the steps they took to serve Defendants prior to the Magistrate Judge's service deadline, and maintains that they *did* effect proper service, primarily by directing the summonses to the counsel of record for the defendants. (*See* Pls.' Objs. at 1–9, 12–20.) Consequently, Plaintiffs ask this Court to overrule the R & R by "find[ing] that defendants have been timely and properly served[]" or "in the alternative[,] giv[ing] additional time of 60 days for Plaintiffs to effect service, with cost assessed on defendants." (*Id.* at 20.)

## II.  DISCUSSION

The Federal Rules of Civil Procedure ("FRCP") provide that "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). "Except for service by a marshal or deputy marshal," a plaintiff must provide proof of service through an affidavit that the process server provides. *Id.* Service must be made within 90 days after the complaint is filed, and if a plaintiff fails to effect proper service within this time, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

5

The Magistrate Judge in this case determined that Plaintiffs had failed to provide proof of service as Rule 4(l) requires by the court-ordered deadline of June 16, 2017, and recommended dismissal of Plaintiffs' legal action against most of the defendants as a result. (*See* R & R at 2–3.) When a timely objection is made to a magistrate judge's findings and recommendations, this Court reviews the portions of the R & R to which an objection is made de novo, *see M.G. v. District of Columbia*, 246 F. Supp. 3d 1, 4 (D.D.C. 2017) (citing Fed. R. Civ. P. 72(b)), but the Court need not entertain new evidence, and may make its determination "based solely on the record developed before the magistrate judge," LCvR 72.3(c).

This Court has conducted its own de novo review of the record before Magistrate Judge Robinson, and it concurs with her findings, but will give Plaintiffs another chance to effect proper service, as explained below.

### A. Plaintiffs Have Failed To Comply With The FRCP's Service Requirements

It is crystal clear that Plaintiffs have not, in fact, filed the required proof of service with respect to their second attempt at serving the defendants, either by the deadline of June 16, 2017, or thereafter. (*See* Min. Order of May 25, 2017.) The Federal Rules require the filing of an "affidavit" as proof that a defendant has been properly served unless service has been waived, Fed. R. Civ. P. 4(l)(1), and in the instant case, the docket does not indicate that Plaintiffs filed any such affidavit since the Magistrate Judge set the deadline by which Plaintiffs needed to make that showing. Nor have Plaintiffs argued that they have "good cause for [this] failure[.]" Fed. R. Civ. P. 4(m).

Instead, throughout their various rebuttal statements and notices, Plaintiffs have repeatedly insisted that their various efforts to effect proper service of process on the defendants should be deemed to suffice. (*See generally* Pls.' Rebuttals to Notices of Failure to Serve; Pls.' Objs.; Pls.' Reply.) Specifically, Plaintiffs have raised several fact-bound objections to the R & R's failure-to-serve finding, none of which provides any basis for concluding that Defendants were actually properly served.

First, Plaintiffs argue that they properly served various Defendants by effecting service of process on the named Defendants' attorneys of record. (*See* Pls.' Objs. at 1–9, 12–20; *see also id.* at 5–6, 16 (maintaining that Plaintiffs received response letters from some of the defense attorneys, which Plaintiffs say confirms that the summonses were properly served); Pls.' Reply at 2, 7 (same).) But under FRCP 4—which is the applicable legal standard for effecting proper service—serving an attorney of record who is not a designated agent of the defendant for the purpose of service does not satisfy the service of process requirement. *See* Fed. R. Civ. P. 4(h)(1)(B) (stating that service on a corporation can be made through delivering the summons "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"); *see also* Fed. R. Civ. P. 4(i)(2) (stating that service on a federal agency must be made by serving the United States and also the agency); Fed. R. Civ. P. 4(e)(2) (stating that service on an individual can be accomplished by, *inter alia*, "delivering a copy of [the summons and complaint] to an agent authorized by appointment or law to receive service of process").[6]

---

[6] To the extent that Plaintiffs rely on Rule 4(h)(1)'s cross-reference to Rule 4(e)(1) to support their argument that service on defense counsel is sufficient under the Federal Rules (*see* Pls.' Objs. at 14–15), Plaintiffs have failed to point to any applicable provision of state law that authorizes service on an individual defendant's attorney when such counsel has not been designated as an agent to receive

7

To be sure, Federal Rule of Civil Procedure 5(b)(1) references service on an attorney (*see* Pls.' Objs. at 3, 7–9), but that rule pertains to the filing of papers "*after the original complaint*," Fed. R. Civ. P. 5(a)(1)(B) (emphasis added), and does not apply to the complaint and summons that initiate a case, *see* Fed. R. Civ. P. 5(a)(1); *see also* Rule 5(b)(1) (providing that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party"). In other words, the serving and filing of pleadings and other papers in the context of the litigation—which is governed by Rule 5—is distinct from Rule 4's requirements regarding the service of a summons and complaint upon a party, and cannot be a basis on which to find that Defendants have been properly served under Rule 4.

In this same vein, Plaintiffs are incorrect to insist that defendant counsel "should be estopped from denying service on behalf of their clients" because the parties "have exchanged documents and correspondences" in this matter. (Pls.' Objs. at 17.) In this jurisdiction, actual notice is not a substitute for proper service on a party as Rule 4 directs. *See Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) ("[P]laintiff cannot fulfill his burden under Rule 4(h) by showing that defendant had notice of the suit.").

The fact that Defendants' counsel allegedly acted in bad faith by "[leading] Plaintiffs to believe that [counsel] would accept service on behalf of their clients" (Pls.'

---

process for that individual. *See* Fed. R. Civ. P. 4(h)(1)(A)(authorizing service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual"); Fed. R. Civ. P. 4(e)(1)(permitting service to be effected in a federal judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"). Thus, Rules 4(h)(1) and 4(e)(1) do not plainly authorize the service-of-counsel process that Plaintiffs undertook here.

8

Objs. at 17), and/or that Plaintiffs proceeded in good faith by relying on the alleged representations of certain defendant counsel "with whom[] they have been in active litigation for several years" (*id.* (emphasis omitted) (quoting Opp'n to Pls.' Mot. for Default J. and Cross Mot. for a Stay on Behalf of Defs. IndyMac ABS, Inc. and IndyMac MBS, Inc., ECF No. 8, at 2)), is entirely beside the point. Regardless, it is undisputed that the defense counsel in question "is not authorized to accept service on behalf of" his clients (*id.* at 5–6), and the Federal Rules make clear that such authorization is what matters when it comes to effecting proper service.

Plaintiffs are also mistaken when they argue that they complied with the Federal Rules with respect to service on Defendant FDIC, because they "served [the] complaint and summons to the US Attorney General, US Attorney, Civil Process Clerk" under "Rule 4(i)(A)[.]" (*Id.* at 1, 2; *see also id.* at 15 (arguing that "Rule 4(i)(A) allows service to be proper [by] (i) deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" (second alteration in original)).)[7] To begin with, Plaintiffs have not filed any affidavits that prove this purported service, as Rule 4(l) requires. Moreover, and in any event, the rule that Plaintiffs rely upon—Rule 4(i)(1)(A)—governs the process for service on *the United States*, not service upon an agency such as the FDIC. *Compare* Fed. R. Civ. P. 4(i)(1)(A) *with* 4(i)(2).

Plaintiffs' contention that at least the 11 Defendants whose attorneys entered a limited appearance in this matter should have been deemed timely and properly served (*see* Pls.' Objs. at 19) fares no better. The record clearly indicates that the various

---

[7] The Federal Rules do not contain any "Rule 4(i)(A)"; the language that Plaintiffs quote appears in Rule 4(i)**(1)**(A).

9

attorneys for those Defendants "entered their appearances for the limited purpose of contesting service of process" at the status conference of May 24, 2017. (Min. Order of May 25, 2017; *see also* FTR Gold Recording of May 24, 2017 Status Conf.) Moreover, it is well established in this jurisdiction that a defendant's "appearance in court, without more, is insufficient to satisfy the plaintiff's burden of proving that he properly served the [defendant]." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007).

As to Plaintiffs' suggestion that their private process server properly effected service on the five Defendants who did *not* appear at the hearing to contest service (hence, their failure to file any service-related notice) (*see* Pls.' Objs. at 12),[8] Plaintiffs ignore the applicable burdens, and seek to turn the rule that governs the service obligation on its head. Courts do not *assume* that service has been properly effected unless they hear otherwise; the burden of establishing that service has been accomplished rests with Plaintiffs, and Federal Rule of Civil Procedure 4(l) plainly requires the filing of return of service affidavits in the absence of waiver—which Plaintiffs have not done, either by the deadline the Magistrate Judge set, or in the more than seven months that have since passed.

Finally, none of Plaintiffs' specific attacks on the Magistrate Judge's procedures and statements of fact regarding the service issue persuades this Court that the R & R's findings are erroneous. For example, Plaintiffs appear to maintain that Magistrate Judge Robinson improperly took into account certain procedurally defective filings by certain Defendants (*see* Pls.' Objs. at 9–12), but Plaintiffs have not shown that the R & R's dismissal recommendation actually *relies* upon the documents that Plaintiffs

---

[8] These five Defendants are: IndyMac Bank F.S.B., IndyMac Federal Bank, IndyMac INDX 2006-AR8, CIT Bank N.A., and Mike Perry. (*See* R & R at 3; Pls.' Objs. at 12.)

10

believe were improperly filed, and it is clear to this Court that the finding that "Plaintiffs have filed no return of service affidavit relating to any Defendant" (R & R at 2) is entirely independent of any allegedly improper notices or briefs by the defendants. Nor is it problematic that the R & R states that "eleven" Defendants formally filed lack-of-service notices (R & R at 1; *see also* Pls.' Objs. at 9–10 (insisting that only two of the defendants actually filed such a notice)), because a notice filed on behalf of 11 listed Defendants is *exactly* what the record here contains (*see* Eleven Defs.' Notice, at 3).

This all means that Plaintiffs' objections to the R & R's finding that service has not been properly effected are not well founded, and this Court is confident that, at least in this regard, Magistrate Judge Robinson's R & R is correct. This Court further finds that Plaintiffs have failed to demonstrate "good cause for the[ir] failure" to serve Defendants in accordance with the Federal Rules. Fed. R. Civ. P. 4(m). Indeed, rather than providing any grounds for this Court to excuse the service defects, Plaintiffs have mounted a vigorous defense of their service-related efforts in a manner that clearly stems from "[m]istake . . . or ignorance of the rules of procedure[,]" which "does not suffice to establish good cause." *Whitehead*, 221 F.R.D. at 3.

### B. This Court Will Not Dismiss The Case Against Any Defendant On Lack-Of-Service Grounds At This Time, Because Plaintiffs Did Not Have Adequate Pre-Dismissal Notice Of Their Service Deficiencies Or The Consequences Of Failing To Effect Proper Service

All that said, this Court is keenly aware that Plaintiffs are proceeding with respect to this action pro se, and thus must be "allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). As a matter of equity, if

not law, plaintiffs such as these (who have no legal training and little guidance in navigating the legal system) should be specifically notified of the defects in their filings and the mistakes that pervade their attempts to comply with the Federal Rules of Civil Procedure *before* their cases are dismissed, so that they can have a fair opportunity to correct such unwitting errors. *Cf. Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (recognizing that pro se plaintiffs must be given a "reasonable opportunity" to contest a motion for summary judgment, which "presupposes notice" of the requirements (internal quotation marks omitted)); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (holding that courts must "provide a pro se litigant with notice of the deficiencies in his or her complaint" with "at least [] a few sentences explaining the deficiencies" when providing an opportunity to amend the complaint). Moreover, as the D.C. Circuit has recognized in the context of service by pro se plaintiffs, "[m]ere time to correct a defect is not enough, if knowledge of the *consequences* of not making use of it is wanting." *Moore*, 994 F.2d at 876 (emphasis added) (internal quotation marks and alteration omitted). Thus, although "courts do not need to provide detailed guidance to pro se litigants[,]" it is equally clear that courts must "supply minimal notice of the consequences of not complying with procedural rules." *Id.* (citing *Eldridge*, 832 F.2d at 1136).

As far as this Court can tell, insufficient notice was provided in this case. First of all, at the time that Plaintiffs' initial service efforts were deemed unsuitable, the Magistrate Judge did not provide any indication whatsoever regarding *why* she had reached that determination. (*See* Min. Order of May 25, 2017; *see also* FTR Gold Recording of May 24, 2017 Status Conf.) In the absence of any such explanation,

Plaintiffs proceeded to embark on an entirely different course of action with respect to service ahead of the June 16, 2017 deadline, but ultimately, the Magistrate Judge again provided little explication of the particular problems with Plaintiffs' chosen process in the context of the instant three-page R & R. Thus, it is no wonder that Plaintiffs' written objections reflect significant confusion regarding how proper service must be made—confusion that likely could have been avoided if the Magistrate Judge's earlier pronouncements had referenced the appropriate rule and explained why Plaintiffs' myriad efforts to satisfy the Federal Rules were lacking.

There is also no indication in the record that the Magistrate Judge specifically warned Plaintiffs about the consequences of failing to serve Defendants properly. (*See* FTR Gold Recording of May 24, 2017 Status Conf.; Min. Order of May 25, 2017.) The Magistrate Judge gave Plaintiffs additional time to effect service (*see* Min. Order of May 25, 2017), and also issued a subsequent Supplemental Order advising Plaintiffs of their general responsibility to respond to filings of the defendants (*see* Suppl. Order of May 31, 2017), but the Supplemental Order does not touch upon service at all, much less specifically notify Plaintiffs that their failure to effect service by the established deadline might result in the dismissal of their case.

In the interest of fairness and in light of Plaintiffs' status as pro se litigants, this Court finds it prudent to provide Plaintiffs with one more opportunity to (1) closely evaluate the orders and statements of the Magistrate Judge and this Court, and (2) effect proper service for all of the defendants in this case, by serving them in compliance with the requirements of Rule 4 of the Federal Rules of Civil Procedure. *See Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996) (noting that Rule 4(m) "permits a district

13

court to enlarge the time for service even if there is no good cause shown" (internal quotation marks omitted)); *Moore*, 994 F.2d at 876–77 (explaining that courts can permit pro se litigants the opportunity to perfect service of process, and remanding the case for that purpose). This will be the last chance that Plaintiffs have to address the service requirement, and their failure to do so can—and most likely will—result in the dismissal of this case.

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the findings of the R & R are **ADOPTED** (over Plaintiffs' objections), but the Court will not (yet) implement the R & R's recommendation. Plaintiffs are hereby provided with one additional opportunity to effect proper service. Accordingly, it is

**FURTHER ORDERED** that Plaintiffs shall serve all Defendants, <u>at their own expense</u>, and file with the Court proof that they have effected service of process on all Defendants by **April 13, 2018**.[9] Plaintiffs' attention is directed to Federal Rule of Civil Procedure 4. *See, e.g.*, Fed. R. Civ. P. 4(c) (explaining that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint"); Fed. R. Civ. P. 4(e) (describing how to serve an individual defendant within a judicial district of the United States); Fed. R. Civ. P. 4(h) (describing how to serve a corporation, partnership, or association); Fed. R. Civ. P. 4(i)(2) (describing how to serve U.S. agencies, corporations, and officers or employees sued in an official capacity); Fed. R. Civ. P.

---

[9] Plaintiffs ask for the cost of service to be "assessed on defendants" (Pls.' Objs. at 20), but they have shown no basis for such cost-shifting, either factually in the circumstances of this case nor in the law.

4(l) (explaining that proof of service must be made by the server's affidavit except for service by a U.S. marshal or deputy marshal).

If Plaintiffs fail to file proper proof of service by **April 13, 2018**, this Court will dismiss this case without prejudice. *See* Fed. R. Civ. P. 4(m) (requiring the dismissal of a case where the plaintiff has not timely served within 90 days of filing suit or within the time specified by the court). Nothing in this Order affects the Court's prior referral of this matter to Magistrate Judge Robinson for full case management.

SO ORDERED.

DATE: February 12, 2018

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M. NAWAZ RAJA, et al.,

    Plaintiffs,

    v.

FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,

    Defendants.

Civil Action No. 16-511
KBJ/DAR

## REPORT AND RECOMMENDATION

On March 17, 2016, Plaintiffs filed a complaint against eighteen Defendants for claims arising from the refinancing of a home mortgage. *See* Complaint (ECF No. 1). Approximately thirteen months later, this action was referred to the undersigned United States Magistrate Judge for full case management. 04/18/2017 Minute Order and Referral. At a status conference held on May 25, 2017, attended by Plaintiff M. Nawaz Raja and counsel for eleven of the Defendants, the undersigned found that Plaintiffs had not served any of the Defendants with a summons and copy of the complaint. *See* 05/25/2017 Minute Order. The undersigned subsequently ordered Plaintiffs to effectuate service on all Defendants by no later than June 16, 2017. *Id.*

The eleven Defendants who appeared at the status conference have since filed a notice, in which they advised that they were not served as of the June 16, 2017 deadline set by the undersigned. *See* Notice of Failure to Serve (ECF No. 35).[1]

---

[1] On July 6, 2017, two Defendants, INDY MAC VENTURE LLC and IMB HOLDCO LLC, moved for an extension of time until August 28, 2017, to answer or otherwise respond to Plaintiffs' Complaint. *See* Motion for Extension of Time to File Answer (ECF No. 34). The undersigned granted said motion. 07/17/2017 Minute Order.

Appendix A
Case 1:16-cv-00511-KBJ-DAR   Document 44   Filed 08/16/17   Page 2 of 3
Raja, et al. v. FDIC, et al.                                                                                          2

As of this date, the Plaintiffs have filed no return of service affidavit relating to any Defendant, as required by Federal Rule of Civil Procedure 4(l)(1).[2]

Upon consideration of the chronology of this action, and of Rule 4 of the Federal Rules of Civil Procedure, it is, this 16th day of August, 2017, hereby

**RECOMMENDED** that this action be **DISMISSED** as to the eleven Defendants who appeared at the status conference and subsequently filed a notice:

(1) FEDERAL DEPOSIT INSURANCE CORPORATION

(2) ONE WEST BANK N.A.

(3) INDY MAC MORTGAGE SERVICES

(4) INDY MAC MBS, INC

(5) INDY MAC ABS INC

(6) DEUTSCHE BANK NATIONAL TRUST COMPANY

(7) DEUTSCHE BANK SECURITIES INC

(8) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

(9) MERSCORP, INC.

(10) DEUTSCHE BANK AG

(11) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS

---

[2] The undersigned has reviewed Plaintiffs' memoranda, in which they assert that service was made. *See* Plaintiffs' Rebuttal to Alleged Notice of Failure to Serve (ECF Nos. 39, 40); Plaintiffs' Opposition to INDY MAC VENTURE, LLC and IMB HOLDCO, LLC's Second Motion for Extension (ECF No. 41). The efforts described by Plaintiffs, however, cannot be said to comply with the requirements for service enumerated in the Federal Rules. *See* Fed. R. Civ. P. 4.

It is **FURTHER RECOMMENDED** that this action be **DISMISSED** as to the five Defendants who have not appeared, but as to whom Plaintiffs have failed to effect service:[3]

(1)  INDY MAC BANK FSB

(2)  INDY MAC FEDERAL BANK

(3)  INDY MAC INDX 2006-AR8

(4)  CIT BANK N.A.

(5)  MIKE PERRY

Digitally signed by Deborah A. Robinson
Date: 2017.08.16 15:55:27 -04'00'

DEBORAH A. ROBINSON
United States Magistrate Judge

**Within fourteen days, any party may file written objections to this report and recommendation. The objections shall specifically identify the portions of the findings and recommendations to which objection is made and the basis of each such objection. In the absence of timely objections, further review of issues addressed herein may be deemed waived.**

---

[3] *See* note 1, *supra*.