## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| M. NAWAZ RAJA, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    No. 16-cv-0511 (KBJ) |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION ADOPTING
## REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiffs M. Nawaz and Neelum Nawaz Raja ("Plaintiffs") filed the

instant action on March 17, 2016, against the Federal Deposit Insurance Corporation,

numerous companies—including foreign business entities, banks, or subsidiaries

thereof—and the former chief executive officer of Indy Mac Bank.  (*See* Compl., ECF

No. 1, ¶¶ 9–27.)  In their complaint, Plaintiffs assert nine claims under the Truth in

Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and common law related to the

refinancing of their home loan and the defendants' attempts to foreclose on their

property.  (*See id.* ¶¶ 353–447 (claiming (1) "failure to give 3 day cooling period" in

violation of the TILA; (2) "violation of premature performance" under the TILA; (3)

"non-compliance" with the TILA; (4) "violation pursuant to[] section 130(a)" of the

TILA; (5) "breach of contract"; (6) "appraisal fraud"; (7) "slander of title and quiet

title"; (8) "fraud with fraudulent concealment"; and (9) "unjust enrichment").)

On April 18, 2017, this Court referred this matter for random assignment to a

Magistrate Judge for full case management.  (*See* Min. Order of Apr. 18, 2017.)  The

case was assigned to Magistrate Judge Deborah Robinson, and the following year twelve of the sixteen remaining named defendants—hereinafter referred to as "Defendants"—filed four motions to dismiss.  (*See* ECF No. 58 (motion to dismiss filed by defendants MERSCORP Holdings, Inc., Merscorp Inc., Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Company, Deutsche Bank AG, and Deutsche Bank Securities, Inc.); ECF No. 61 (motion to dismiss filed by IndyMac ABS, Inc. and IndyMac MBS, Inc.); ECF No. 66 (motion to dismiss filed by CIT Bank, N.A., OneWest Bank N.A., and IndyMac Mortgage Services); ECF No. 81 (motion to dismiss filed by the Federal Deposit Insurance Corporation).)[1]  Each of Defendants' motions to dismiss argues, among other things, that Plaintiffs' complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  (*See* ECF No. 58-2, at 21–22; ECF No. 61-1, at 10; ECF No. 66-1, at 22–25; ECF No. 81-1, at 26–27.)[2]

Before this Court at present is the Report and Recommendation that Magistrate Judge Robinson filed regarding Defendants' motions to dismiss.  (*See* R. & R., ECF No. 104.)[3]  The Report and Recommendation reflects Magistrate Judge Robinson's considered opinion that Defendants' motions to dismiss should be granted, because Plaintiffs' complaint does not comply with Federal Rule of Civil Procedure 8's requirement concerning a "short and plain statement" of the claim.  (*See id.* at 4 (quoting Fed. R. Civ. P. 8(a)(2)).)  Specifically, Magistrate Judge Robinson finds that

---

[1] This Court previously dismissed two other defendants from this action.  (*See* ECF No. 103 (memorandum opinion and order dismissing the action as to IMB Holdco LLC and Indy Mac Ventures LLC).)

[2] Page number citations refer to the numbers automatically assigned by the Court's electronic case filing system.

[3] The Report and Recommendation, which is 7 pages long, is attached hereto as Appendix A.

Plaintiffs' seventy-five-page complaint "consist[s] almost entirely of a recitation of grievances and conspiracy theories concerning financial institutions and federal regulators[,]" and includes not only "allegations with respect to entities and individuals not named as Defendants," but also "vague and conclusory assertions regarding the activity of various mortgage lenders, and claims regarding actions undertaken by Defendant FDIC in wholly unrelated matters[.]"  (*Id.* at 5 (internal citations omitted).) In Magistrate Judge Robinson's view, these flaws in Plaintiffs' pleading prevented Defendants from "receiv[ing] fair notice of the claim[s] against them[,]" which is the very problem that Rule 8's "short and plain statement" requirement addresses.  (*See id.* at 4 (citing *Terrell v. Mr. Cooper Grp., Inc.*, No. 20-cv-0496, 2020 WL 4673420, at *3 (D.D.C. Aug. 12, 2020)).)  And based on that finding, Magistrate Judge Robinson concludes that Plaintiffs' complaint must be dismissed.  (*See id.* at 7; *see also id.* at 4 (explaining that a court "may dismiss the pleading or the action" if "a complaint fails to comport with the standards of Rule 8" (quoting *Terrell*, 2020 WL 4673420, at *3)).)

     In addition to articulating these findings and conclusions, Magistrate Judge Robinson's Report and Recommendation also advises the parties that they may file written objections to the Report and Recommendation, which must include "the portions of the findings and recommendations to which objection is made and the basis of each such objection."  (*See id.* at 7.)  The Report and Recommendation also advises the parties that "[i]n the absence of timely objections, further review of issues addressed [in the Report and Recommendation] may be deemed waived."  (*Id.*)  Under this Court's local rules, any party who objects to a Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report

and Recommendation.  LCvR 72.3(b).  The due date for objections has passed, and the parties have not filed any objections.

This Court has reviewed Magistrate Judge Robinson's report and agrees with its legal analysis and conclusions.  Therefore, the Court will **ADOPT** the Report and Recommendation in its entirety.  Accordingly, as set forth in the separate Order that accompanies this Memorandum Opinion, Defendants' Motions to Dismiss (ECF Nos. 58, 61, 66, and 81) will be **GRANTED**.  Furthermore, to the extent that not all of the defendants in this action have filed or joined these motions to dismiss, this Court further finds that Plaintiffs' claims with respect to those defendants are also insufficiently pled, *see Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 107 (D.D.C. 2014) (explaining that courts may dismiss a complaint *sua sponte* for failure to comply with Federal Rule of Civil Procedure 8), and thus Plaintiffs' entire Complaint, ECF No. 1, will be **DISMISSED** without prejudice.


DATE:  September 30, 2020                    *Ketanji Brown Jackson*
                                             KETANJI BROWN JACKSON
                                             United States District Judge

**Appendix A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

M. NAWAZ RAJA, et al.,

       Plaintiffs,

    v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, et al.,

       Defendants.

Civil Action No. 16-511
KBJ/DAR

## <u>REPORT AND RECOMMENDATION</u>

Plaintiffs M. Nawaz and Neelum Nawaz Raja commenced this action by filing a seventy-five-page, 447-paragraph Complaint.  Complaint (ECF No. 1).  Plaintiffs named as Defendants the Federal Deposit Insurance Corporation ("FDIC"), a total of seventeen entities which appear to be financial institutions who are subsidiaries thereof, and an individual identified as an officer of one such entity.

Plaintiffs, in the first paragraph of their Complaint, state that "[t]his action arises under the [Federal Deposit Insurance] Act, . . . [,]"and that "[t]he claims raised herein include, without limitation, the FDIC's Notice of Disallowance . . . ."  *Id*.[1]  Plaintiffs' account of the events preceding the challenged actions of the FDIC begins in the thirty-ninth paragraph of their Complaint, where they assert that in 2006, they refinanced their home loan with Indy Mac Bank.[2]

---

[1] *See also* Complaint, ¶¶ 28-34.

[2] *See also id*., ¶¶ 40-44, 46.  Plaintiffs make further allegations regarding the mortgagor, as well as the entities which subsequently became involved in the funding, assignment, reassignment, and servicing of the loan.  *See id*., ¶¶ 49-62, 65-86, 110-14, 119-23, 133-34, 182-199, 377-78, 381-82.  Plaintiffs also complain of "appraisal fraud" by some of the financial institutions named as Defendants.  *See id*., ¶¶ 168-181, 398-99, 404-08.  Additionally, Plaintiffs complain about the bankruptcy proceeding undertaken by one of the financial institutions named as a Defendant. *See id*., ¶¶ 242-61.  Finally, Plaintiffs allege fraud by the FDIC and several of the financial institutions named as Defendants.  *See id.,* ¶¶ 278-352, 421-47.

**Appendix A**

Raja, et al. v. FDIC, et al.

Plaintiffs appear to allege that subsequent efforts by other entities named as Defendants to foreclose on the property were flawed. *See id.*, ¶¶ 87-106, 200-14. Plaintiffs also make allegations concerning the manner in which the 2006 refinancing was consummated. *See id.*, ¶¶ 262-77.

Plaintiffs reside in the Commonwealth of Virginia, and the property which is the subject of their Complaint is the home in which they reside in the Commonwealth of Virginia.

The undersigned, as well as the referring court, beginning in May 2017, undertook extensive consideration of the status of service of process upon the named Defendants. *See, e.g.*, 05/25/2017 Minute Order; Report and Recommendation (ECF No. 44); Memorandum Opinion and Order (ECF No. 56); Report and Recommendation (ECF No. 97). This consideration culminated in the dismissal of IMB Holdco, LLC and Indy Mac Ventures, LLC as Defendants for Plaintiffs' failure to effect service upon them in accordance with Rule 4 of the Federal Rule of Civil Procedure and the referring court's [56] Memorandum Opinion and Order.[3]

Four motions to dismiss have been filed by the remaining Defendants:

1)  Motion to Dismiss Complaint (ECF No. 58) filed by Defendants MERSCORP Holdings, Inc., Merscorp Inc., Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Company, Deutsche Bank AG, and Deutsche Bank Securities.

2)  Motion to Dismiss Plaintiffs' Verified Complaint (ECF No. 61) filed by Defendants IndyMac ABS, Inc. and IndyMac MDS, Inc.

3)  Defendants CIT Bank, N.A., OneWest Bank N.A., and IndyMac Mortgage Services' Motion to Dismiss Plaintiffs' Complaint (ECF No. 66) filed by CIT Bank, N.A., OneWest Bank N.A., and IndyMac Mortgage Services.

4)  FDIC Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 81) filed by the Federal Deposit Insurance Corporation.

---

[3] The individual who was named as a Defendant was never served and did not appear for the limited purpose of contesting service. Indy Mac Indx 2006-AR8, one of the entities named as a Defendant, similarly was never served and did not appear for the limited purpose of contesting service.

**Appendix A**

Raja, et al. v. FDIC, et al.


The remaining Defendants, in these motions, rely upon multiple grounds in support of their respective motions.[4]  Common to each of the four motions to dismiss is the ground that Plaintiffs failed to comply with the "short and plain statement of the claim" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

Plaintiffs filed an opposition to each of the four motions to dismiss.  In each opposition, Plaintiffs incorporate the representations which they included in their Complaint and suggest that this Court should permit them to take discovery.  With respect to the arguments of all Defendants regarding Plaintiffs' failure to comply with Rule 8(a)(2), Plaintiffs dispute those arguments, but undertake no effort to provide a more definite statement of their claims.[5]

Defendants filed replies (ECF Nos. 78, 79, 80, 89) to the respective oppositions. Plaintiffs, without first securing leave of the Court to do so, filed a surreply to each reply (ECF Nos. 83, 84, 85, 90).

---

[4] Among these grounds are arguments that because Plaintiffs previously – and unsuccessfully – litigated the same claims presented in the instant action in the United States District Court for the Eastern District of Virginia, their claims are barred by *res judicata* and issue preclusion.  *See, e.g.*, Memorandum in Support of Motion to Dismiss Complaint (ECF No. 58-2) at 2.  The record in the instant action includes (1) the order of a District Judge of the Eastern District of Virginia dismissing Plaintiffs' Complaint with prejudice, denying their motion for reconsideration, and imposing sanctions; (2) the opinion of a panel of the United States Court of Appeals for the Fourth Circuit affirming the District Court's order; (3) the order of the Fourth Circuit denying Plaintiffs' petition for rehearing and for rehearing *en banc*, and (4) the mandate of the Fourth Circuit.  Notice of Filing (ECF No. 18). Plaintiffs' petition for a writ of *certiorari* was denied.  Notice of Related Proceedings (ECF No. 30).

[5] *See, e.g.*, Plaintiffs' Opposition to IndyMac MBS, Inc. & IndyMac ABS, Inc. Motion to Dismiss Plaintiffs' Verified Complaint (ECF No. 72) at 8, 25-26; Plaintiffs' Opposition to Merscorp Holdings, Inc., Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Company, Deutsche Bank A.G. and Deutsche Bank Securities Inc[.][']s Motion to Dismiss Plaintiffs' Verified Complaint (ECF No. 73) at 10-11, 30-33; Plaintiffs' Memorandum In Opposition to CIT Bank N.A., One West Bank N.A. and IndyMac Mortgage Services' Motion to Dismiss Plaintiffs' Verified Complaint (ECF No. 76) at 18-25; Plaintiffs' Opposition to FDIC, Failed Bank and Bridge Banks' Motion to Dismiss Plaintiffs' Verified Complaint (ECF No. 87) at 35-40.

**Appendix A**

Raja, et al. v. FDIC, et al.

Upon consideration of the entire record herein, the undersigned will recommend that each of the four motions to dismiss be granted on the ground of Plaintiffs' failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure.[6]

**DISCUSSION**

Rule 8 of the Federal Rules of Civil Procedure provides, in pertinent part, that "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  This Court, just over two weeks ago, characterized the Rule 8 requirement, including the requirement of Rule 8(d)(1) that "each allegation within a complaint 'must be simple, concise, and direct[,]'" as "mandates" intended to "ensure that the defendants receive fair notice of the claim against them." *Terrell v. Mr. Cooper Group, Inc.*, Civil Action No. 20-0496, 2020 WL 4673420, at *3 (D.D.C. Aug. 12, 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The Court further noted that "a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet the Rule's liberal pleading requirement." *Id.* (citation omitted).  The Court also noted that "if a complaint fails to comport with the standards of Rule 8, the court may dismiss the pleading or the action." *Id.* (citations omitted).

Courts "must remain mindful" of the status of a party as a *pro se* litigant; however, *pro se* litigants "are still subject to the Rule 8 requirement." *Id.*; *see also Gassew v. Dept. of the Treasury*, Civil Action No. 20-01023, 2020 WL 2523178, at *1 (D.D.C. April 28, 2020) ("*Pro se* litigants must comply with the Federal Rules of Civil Procedure.") (citation omitted); *Brock v. Okla.*, Civil Action No. 19-03112, 2019 WL 6525625, at *1 (D.D.C. Dec. 04, 2019) ("Although

---

[6] Given this recommendation, the undersigned has no occasion to consider herein other grounds, such as *res judicata* and issue preclusion, *see supra* n.4, which also may warrant dismissal.

**Appendix A**

Raja, et al. v. FDIC, et al.

a *pro se* litigant's pleadings are 'held to a less stringent standard than formal pleadings drafted by lawyers,' even *pro se* litigants must comply with the Federal Rules of Civil Procedure.") (quoting *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).

The undersigned finds that Plaintiffs' Complaint falls far short of the "mandates" of Rule 8. In reaching this finding, the undersigned has considered, but does not exclusively rely upon, the length of Plaintiffs' Complaint; rather, the undersigned principally relies upon the observation that Plaintiffs' Complaint consist almost entirely of a recitation of grievances and conspiracy theories concerning financial institutions and federal regulators. For example, Plaintiffs allege, with respect to one of the entities they name as a Defendant, "just because users of [the entity] say so, does not make what has happened here morally, ethically, or politically correct." Complaint at 12, n.9; *see also id*. at 16, n.12 (alleging that the same entity "facilitated what appears to be a criminal enterprise of RICO-style document manufacturing for purposes of trying to 'cover up' breaks in chain of title with self-proclaimed authority that is at best questionable."). Plaintiffs include allegations with respect to entities and individuals not named as Defendants, *see, e.g., id*. at 22, n.19; vague and conclusory assertions regarding the activity of various mortgage lenders, *see, e.g., id*. at 23-24, 47-49, and claims regarding actions undertaken by Defendant FDIC in wholly unrelated matters, *see, e.g., id*. at 29 n.28, 49-54. Among the paragraphs most illustrative of the undersigned's observation is:

> 239. The most recent U.S. bubble and resultant financial crisis and Great Recession were driven by three epidemics of fraud led by elite bankers; 1) appraisal fraud, 2) "stated income/liar's" loans (collectively, loan origination frauds by IndyMac, Lehman Brothers and DBNTC *et al* in a joint venture), and 3) resale of such fraudulently originated mortgages through sham "representations and warranties" to the secondary market and the public.

*Id.* at 40.

**Appendix A**

Raja, et al. v. FDIC, et al.

The undersigned is mindful that Plaintiffs are proceeding *pro se*, and that a "less stringent standard" must be applied to the Court's assessment of their compliance with Rule 8.  However, the "less stringent standard" must be applied in the context of the notice given to Plaintiffs by the Eastern District of Virginia, and the Fourth Circuit, that they were expected to confine their Complaint to "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See, e.g*., Notice of Filing (ECF No. 18).[7]

The undersigned does not doubt that Plaintiffs feel strongly about the events contemporaneous with and subsequent to the refinancing of their home, and, more broadly, the various regulations affecting the home mortgage industry.  However, their passion does not permit this Court to dispense with the requirements of Rule 8(a)(2).

---

[7] Plaintiffs, in their opposition to Defendants' motions, make no attempt to explain how their seventy-five-page, 447-paragraph Complaint constitutes "a short and plain statement[.]"  Instead, they simply state their disagreement with Defendants' contentions regarding Rule 8, and comment on the length of Defendants' motions.  *See, e.g*., Plaintiffs' Memorandum in Opposition to CIT Bank NA, One West Bank, NA and IndyMac Mortgage Services' Motion to Dismiss Verified Complaint (ECF No. 76) at 20-25; *see also supra* n.5 and accompanying text.

**Appendix A**

Raja, et al. v. FDIC, et al.

**CONCLUSION**

For all of the foregoing reasons, it is this 31st day of August, 2020,

**RECOMMENDED** that each of the four pending motions to dismiss (ECF Nos. 58, 61,

66, 81) be **GRANTED** for Plaintiffs' noncompliance with Rule 8(a)(2).[8]

Deborah A. Robinson
Digitally signed by
Deborah A. Robinson
Date: 2020.08.31
14:23:02 -04'00'

DEBORAH A. ROBINSON
United States Magistrate Judge

**Within fourteen days, any party may file written objections to this report and recommendation.  The objections shall specifically identify the portions of the findings and recommendations to which objection is made and the basis of each such objection.  In the absence of timely objections, further review of issues addressed herein may be deemed waived.**

---

[8] *See supra* n.6.  In any event, the undersigned -- like the court in *Terrell* – finds that "the opaque allegations in the . . . Complaint make it difficult for the Court to consider [Defendants'] res judicata and statute of limitations arguments."  *Terrell*, 2020 WL 4673420, at *4.