UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| M. NAWAZ RAJA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 16-cv-0511 (KBJ) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION ADOPTING
## REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 30, 2020, this Court issued an order that adopted Magistrate Judge Robinson's Report and Recommendation in its entirety, and granted the motions to dismiss that twelve of the sixteen remaining named defendants in this case had filed. (*See* Order Adopting R. & R., ECF No. 106.)[1]  The Court's September 30th order dismissed Plaintiffs M. Nawaz and Neelum Nawaz Raja's entire complaint without prejudice, concluding that the complaint failed to comply with Federal Rule of Civil Procedure 8.  (*See id.*; *see also* Mem. Op. Adopting R. & R., ECF No. 105, at 4, 11.)[2] On October 13, 2020, Plaintiffs filed a motion to vacate the Court's order and the accompanying memorandum opinion, on the ground that Plaintiffs had not received a

---

[1] Magistrate Judge Robinson's Report and Recommendation, which is 7 pages long, is attached hereto as Appendix A. The Court's order from September 30, 2020, adopting the Report and Recommendation, also included the report as an attachment; however, because that order has been vacated for the reasons explained below, the Court reattaches the Report and Recommendation here.

[2] Page number citations refer to the numbers automatically assigned by the Court's electronic case filing system.

copy of Magistrate Judge Robinson's Report and Recommendation, and, therefore, lacked the opportunity to file timely objections.  (*See* Pls.' Mot. to Vacate Order, ECF No. 107, ¶¶ 4–5, 13–14, 19.)  In light of Plaintiffs' representations, the Court subsequently vacated its September 30th order and memorandum opinion, and permitted Plaintiffs to file objections to the Report and Recommendation (*see* Min. Order of Nov. 18, 2020), which Plaintiffs then filed promptly, on December 8, 2020 (*see* Pls.' Objs. to R. & R. ("Pls.' Objs."), ECF No. 108).  Defendants filed a response to Plaintiffs' objections on December 24, 2020 (*see* Defs.' Resp. to Pls.' Objs. ("Defs.' Resp."), ECF No. 110), and Plaintiffs filed a reply thereto on January 8, 2021 (*see* Pls.' Reply to Defs.' Resp., ECF No. 112).

For the reasons explained below, the Court reaffirms its conclusion that Magistrate Judge Robinson correctly determined that Plaintiffs' complaint fails to provide a "short and plain statement" of their claims pursuant to Rule 8, Fed. R. Civ. P. 8(a)(2), and that, as a result, Plaintiffs' complaint must be dismissed without prejudice.

I.

In their objections to the Report and Recommendation, Plaintiffs contest Magistrate Judge Robinson's findings, characterizations, and conclusions on numerous grounds.  (*See generally* Pls.' Objs.)  First and foremost, Plaintiffs contend that the Report and Recommendation unfairly penalizes them for being "caught in [a] catch 22" (*id*. at 2), because Rule 8(a) of the Federal Rules of Civil Procedure mandates a short and concise statement of their claims, while Rule 9(b) requires them to "plead their claims sounding in fraud with particularity" (*id*. at 7).  Plaintiffs argue that, consequently, their complaint should not be dismissed for being "overly detailed" (*id*.),

2

especially when the complaint provides Defendants with fair notice of the claims against them (*id.* at 4–5, 7) and "sets forth facts supporting each element that would be required for Plaintiffs to prevail on their claim[s]" (*id.* at 8). Plaintiffs further maintain that their claims are not barred by the principles of *res judicata* and issue preclusion (*id.* at 8–11); that their "leveraging claims alone against Defendants are a viable antitrust cause of action enough to defeat" Defendants' motions to dismiss, and Magistrate Judge Robinson "failed to even mention" those particular claims (*id.* at 11); and that Magistrate Judge Robinson's Report and Recommendation was defective in other respects, including that the magistrate judge "erroneously assume[d] that FDIC's actions are wholly unrelated" to Plaintiffs' claims (*id.* at 16); "failed to see that the consumer confusion is profuse, and discovery tightly guarded to obtain justice" (*id.* at 30 (emphasis omitted)); and incorrectly stated that Plaintiffs failed to seek her permission to file a surreply to Defendants' motions to dismiss (*see id.*).[3]

In response, Defendants insist that Plaintiffs' complaint fails to "meet the basic requirements of notice pleading" and thus should be dismissed "with prejudice[.]" (Defs.' Resp. at 3–4.) Defendants also urge the Court to dismiss Plaintiffs' claims for various other reasons that Magistrate Judge Robinson did not reach in her Report and

---

[3] The majority of Plaintiffs' objections appear to stem from statements that Magistrate Judge Robinson made in the background section of the Report and Recommendation. (*See, e.g.*, R. & R., ECF No. 104, at 2 n.3 (asserting that Plaintiffs failed to serve two defendants); *see also id.* at 3 (stating that Plaintiffs failed to secure leave to file their surreplies).) However, Magistrate Judge Robinson based her substantive recommendation only on the complaint's failure to comply with Rule 8, and expressly declined to address whether Plaintiffs' claims were barred by *res judicata*, issue preclusion, or any other potential ground for dismissal. (*See id.* at 4 & n.6, 5–7.) Moreover, although Magistrate Judge Robinson asserted that Plaintiffs' complaint includes "claims regarding actions undertaken by Defendant FDIC in wholly unrelated matters," that statement served as just one example—among many—of why Magistrate Judge Robinson concluded that the complaint fails to satisfy Rule 8. (*See id.* at 5.)

Recommendation but that Defendants had included in their motions to dismiss. (*See id.* at 4.)[4]

## II.

After carefully reviewing the parties' submissions, the Court maintains its view that Magistrate Judge Robinson correctly concluded that Plaintiffs' complaint fails to comply with Rule 8's "short and plain statement" requirement. *See* Fed. R. Civ. P. 8(a)(2). Put simply, the purpose of Rule 8 is to allow "[t]he court or opposing party . . . to understand whether a valid claim is alleged and if so what it is." *Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 96 (D.D.C. 2009) (internal quotation marks and citation omitted). This purpose is undermined, however, when a pleading includes "unnecessary prolixity[,]" because such a pleading imposes an "unjustified burden" on the court and the opposing party "to select the relevant material from a mass of verbiage." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (internal quotation marks, citation, and alteration omitted). It is also well established that "a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8's] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (internal quotation marks and citation omitted).

---

[4] Specifically, Defendants assert that (1) Plaintiffs' claims are barred by *res judicata*; (2) Plaintiffs failed to serve multiple defendants properly; (3) the complaint fails to state claims for which relief can be granted; and (4) the claims pertaining to the FDIC Defendants in particular are highly vague and conclusory. (*See id.* at 7–12.)

In this Court's view, Plaintiffs' 447-paragraph complaint does not come close to satisfying Rule 8's standards. The complaint's inclusion of unnecessary facts, conclusory allegations, and vague assertions makes it exceedingly difficult to figure out the precise contours of the claims at issue as well as the "*essential* facts that underlie [such] legal claims[.]" *See id.* at 415. And nothing about Rule 9(b)'s heightened pleading requirement creates the "Catch 22" that Plaintiffs fear. (Pls.' Objs. at 7.) That is, to comply with Rules 8 and 9(b), a plaintiff must plead *sufficient* facts regarding "the circumstances constituting fraud or mistake[,]" Fed. R. Civ. P. 9(b), but those facts must be presented in a clear and concise manner, *see* Fed. R. Civ. P. 8(a). This is by no means an impossible or unduly onerous task, and the fact that Plaintiffs' claims "sound in fraud" (Pls.' Objs. at 2) does not excuse them filing a complaint that meets Rule 8's "clarity and brevity" requirements, *Ciralsky*, 355 F.3d at 669 (internal quotation marks and citation omitted); *see also Jiggetts*, 319 F.R.D. at 418 (rejecting plaintiffs' claim that "there is a tension between complying with Rule 8 and stating a claim, such that including excessive detail is unavoidable").

As a result, the Court agrees with Magistrate Judge Robinson's conclusion that Plaintiffs' complaint must be dismissed for failure to comply with Rule 8, and having made that determination, the Court need not reach the other issues raised in the parties' briefs. *See, e.g.*, *Jiggetts*, 319 F.R.D. at 413 (stating that a court "may dismiss the pleading or the action" if "a complaint fails to comport with the standards of Rule 8"). In addition, because this is Plaintiffs' first complaint in this action, and they are proceeding pro se, the Court will dismiss the complaint *without* prejudice, and will permit Plaintiffs to file an amended complaint, should they wish to do so. *See Achagzai*

5

*v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015) (explaining that "[w]hen a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint . . . and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules").[5]

III.

For the reasons explained above, the Court reaffirms that Magistrate Judge Robinson's Report and Recommendation is **ADOPTED**, insofar as that report recommends dismissal of Plaintiffs' complaint for failure to comply with Rule 8's "short and plain statement" requirement. Fed. R. Civ. P. 8(a). Accordingly, as set forth in the separate Order that accompanies this Memorandum Opinion, Defendants' Motions to Dismiss (ECF Nos. 58, 61, 66, and 81) will be **GRANTED**. To the extent that not all of the defendants in this action have filed or joined these motions to dismiss, the Court further finds that Plaintiffs' claims with respect to such absent defendants also fail to comply with Rule 8, *see Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 107 (D.D.C. 2014) (explaining that courts may dismiss a complaint *sua sponte* for failure to comply with Rule 8); therefore, Plaintiffs' entire complaint (ECF No. 1) will be **DISMISSED WITHOUT PREJUDICE**.

DATE:  February 11, 2021

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[5] If Plaintiffs file an amended complaint that contains the same alleged defects that Defendants have identified in their motions to dismiss (*see* Defs.' Resp. at 7–12 (summarizing their arguments regarding alternative grounds for dismissal)), Defendants can reassert their motion-to-dismiss arguments in another responsive pleading, and the Court will address those arguments at that time.

**Appendix A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M. NAWAZ RAJA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, et al., <br><br> Defendants. | Civil Action No. 16-511 <br> KBJ/DAR |

**REPORT AND RECOMMENDATION**

Plaintiffs M. Nawaz and Neelum Nawaz Raja commenced this action by filing a seventy-five-page, 447-paragraph Complaint. Complaint (ECF No. 1). Plaintiffs named as Defendants the Federal Deposit Insurance Corporation ("FDIC"), a total of seventeen entities which appear to be financial institutions who are subsidiaries thereof, and an individual identified as an officer of one such entity.

Plaintiffs, in the first paragraph of their Complaint, state that "[t]his action arises under the [Federal Deposit Insurance] Act, . . . [,]" and that "[t]he claims raised herein include, without limitation, the FDIC's Notice of Disallowance . . . ." *Id*.[1] Plaintiffs' account of the events preceding the challenged actions of the FDIC begins in the thirty-ninth paragraph of their Complaint, where they assert that in 2006, they refinanced their home loan with Indy Mac Bank.[2]

---

[1] *See also* Complaint, ¶¶ 28-34.

[2] *See also id*., ¶¶ 40-44, 46. Plaintiffs make further allegations regarding the mortgagor, as well as the entities which subsequently became involved in the funding, assignment, reassignment, and servicing of the loan. *See id*., ¶¶ 49-62, 65-86, 110-14, 119-23, 133-34, 182-199, 377-78, 381-82. Plaintiffs also complain of "appraisal fraud" by some of the financial institutions named as Defendants. *See id*., ¶¶ 168-181, 398-99, 404-08. Additionally, Plaintiffs complain about the bankruptcy proceeding undertaken by one of the financial institutions named as a Defendant. *See id*., ¶¶ 242-61. Finally, Plaintiffs allege fraud by the FDIC and several of the financial institutions named as Defendants. *See id.,* ¶¶ 278-352, 421-47.

**Appendix A**

Raja, et al. v. FDIC, et al.

Plaintiffs appear to allege that subsequent efforts by other entities named as Defendants to foreclose on the property were flawed. *See id.*, ¶¶ 87-106, 200-14. Plaintiffs also make allegations concerning the manner in which the 2006 refinancing was consummated. *See id.*, ¶¶ 262-77.

Plaintiffs reside in the Commonwealth of Virginia, and the property which is the subject of their Complaint is the home in which they reside in the Commonwealth of Virginia.

The undersigned, as well as the referring court, beginning in May 2017, undertook extensive consideration of the status of service of process upon the named Defendants. *See, e.g.*, 05/25/2017 Minute Order; Report and Recommendation (ECF No. 44); Memorandum Opinion and Order (ECF No. 56); Report and Recommendation (ECF No. 97). This consideration culminated in the dismissal of IMB Holdco, LLC and Indy Mac Ventures, LLC as Defendants for Plaintiffs' failure to effect service upon them in accordance with Rule 4 of the Federal Rule of Civil Procedure and the referring court's [56] Memorandum Opinion and Order.[3]

Four motions to dismiss have been filed by the remaining Defendants:

1) Motion to Dismiss Complaint (ECF No. 58) filed by Defendants MERSCORP Holdings, Inc., Merscorp Inc., Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Company, Deutsche Bank AG, and Deutsche Bank Securities.

2) Motion to Dismiss Plaintiffs' Verified Complaint (ECF No. 61) filed by Defendants IndyMac ABS, Inc. and IndyMac MDS, Inc.

3) Defendants CIT Bank, N.A., OneWest Bank N.A., and IndyMac Mortgage Services' Motion to Dismiss Plaintiffs' Complaint (ECF No. 66) filed by CIT Bank, N.A., OneWest Bank N.A., and IndyMac Mortgage Services.

4) FDIC Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 81) filed by the Federal Deposit Insurance Corporation.

---

[3] The individual who was named as a Defendant was never served and did not appear for the limited purpose of contesting service. Indy Mac Indx 2006-AR8, one of the entities named as a Defendant, similarly was never served and did not appear for the limited purpose of contesting service.

# Appendix A

Raja, et al. v. FDIC, et al.

The remaining Defendants, in these motions, rely upon multiple grounds in support of their respective motions.[4]  Common to each of the four motions to dismiss is the ground that Plaintiffs failed to comply with the "short and plain statement of the claim" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

Plaintiffs filed an opposition to each of the four motions to dismiss.  In each opposition, Plaintiffs incorporate the representations which they included in their Complaint and suggest that this Court should permit them to take discovery.  With respect to the arguments of all Defendants regarding Plaintiffs' failure to comply with Rule 8(a)(2), Plaintiffs dispute those arguments, but undertake no effort to provide a more definite statement of their claims.[5]

Defendants filed replies (ECF Nos. 78, 79, 80, 89) to the respective oppositions. Plaintiffs, without first securing leave of the Court to do so, filed a surreply to each reply (ECF Nos. 83, 84, 85, 90).

---

[4] Among these grounds are arguments that because Plaintiffs previously – and unsuccessfully – litigated the same claims presented in the instant action in the United States District Court for the Eastern District of Virginia, their claims are barred by *res judicata* and issue preclusion.  *See, e.g.*, Memorandum in Support of Motion to Dismiss Complaint (ECF No. 58-2) at 2.  The record in the instant action includes (1) the order of a District Judge of the Eastern District of Virginia dismissing Plaintiffs' Complaint with prejudice, denying their motion for reconsideration, and imposing sanctions; (2) the opinion of a panel of the United States Court of Appeals for the Fourth Circuit affirming the District Court's order; (3) the order of the Fourth Circuit denying Plaintiffs' petition for rehearing and for rehearing *en banc*, and (4) the mandate of the Fourth Circuit.  Notice of Filing (ECF No. 18). Plaintiffs' petition for a writ of *certiorari* was denied.  Notice of Related Proceedings (ECF No. 30).

[5] *See, e.g.*, Plaintiffs' Opposition to IndyMac MBS, Inc. & IndyMac ABS, Inc. Motion to Dismiss Plaintiffs' Verified Complaint (ECF No. 72) at 8, 25-26; Plaintiffs' Opposition to Merscorp Holdings, Inc., Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Company, Deutsche Bank A.G. and Deutsche Bank Securities Inc[.][']s Motion to Dismiss Plaintiffs' Verified Complaint (ECF No. 73) at 10-11, 30-33; Plaintiffs' Memorandum In Opposition to CIT Bank N.A., One West Bank N.A. and IndyMac Mortgage Services' Motion to Dismiss Plaintiffs' Verified Complaint (ECF No. 76) at 18-25; Plaintiffs' Opposition to FDIC, Failed Bank and Bridge Banks' Motion to Dismiss Plaintiffs' Verified Complaint (ECF No. 87) at 35-40.

Appendix A

Raja, et al. v. FDIC, et al.

Upon consideration of the entire record herein, the undersigned will recommend that each of the four motions to dismiss be granted on the ground of Plaintiffs' failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure.[6]

**DISCUSSION**

Rule 8 of the Federal Rules of Civil Procedure provides, in pertinent part, that "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This Court, just over two weeks ago, characterized the Rule 8 requirement, including the requirement of Rule 8(d)(1) that "each allegation within a complaint 'must be simple, concise, and direct[,]'" as "mandates" intended to "ensure that the defendants receive fair notice of the claim against them." *Terrell v. Mr. Cooper Group, Inc.*, Civil Action No. 20-0496, 2020 WL 4673420, at *3 (D.D.C. Aug. 12, 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court further noted that "a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet the Rule's liberal pleading requirement." *Id*. (citation omitted). The Court also noted that "if a complaint fails to comport with the standards of Rule 8, the court may dismiss the pleading or the action." *Id*. (citations omitted).

Courts "must remain mindful" of the status of a party as a *pro se* litigant; however, *pro se* litigants "are still subject to the Rule 8 requirement." *Id*.; *see also Gassew v. Dept. of the Treasury*, Civil Action No. 20-01023, 2020 WL 2523178, at *1 (D.D.C. April 28, 2020) ("*Pro se* litigants must comply with the Federal Rules of Civil Procedure.") (citation omitted); *Brock v. Okla*., Civil Action No. 19-03112, 2019 WL 6525625, at *1 (D.D.C. Dec. 04, 2019) ("Although

---

[6] Given this recommendation, the undersigned has no occasion to consider herein other grounds, such as *res judicata* and issue preclusion, *see supra* n.4, which also may warrant dismissal.

4

**Appendix A**
Raja, et al. v. FDIC, et al.

a *pro se* litigant's pleadings are 'held to a less stringent standard than formal pleadings drafted by lawyers,' even *pro se* litigants must comply with the Federal Rules of Civil Procedure.") (quoting *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).

The undersigned finds that Plaintiffs' Complaint falls far short of the "mandates" of Rule 8. In reaching this finding, the undersigned has considered, but does not exclusively rely upon, the length of Plaintiffs' Complaint; rather, the undersigned principally relies upon the observation that Plaintiffs' Complaint consist almost entirely of a recitation of grievances and conspiracy theories concerning financial institutions and federal regulators. For example, Plaintiffs allege, with respect to one of the entities they name as a Defendant, "just because users of [the entity] say so, does not make what has happened here morally, ethically, or politically correct." Complaint at 12, n.9; *see also id*. at 16, n.12 (alleging that the same entity "facilitated what appears to be a criminal enterprise of RICO-style document manufacturing for purposes of trying to 'cover up' breaks in chain of title with self-proclaimed authority that is at best questionable."). Plaintiffs include allegations with respect to entities and individuals not named as Defendants, *see, e.g., id*. at 22, n.19; vague and conclusory assertions regarding the activity of various mortgage lenders, *see, e.g., id*. at 23-24, 47-49, and claims regarding actions undertaken by Defendant FDIC in wholly unrelated matters, *see, e.g., id*. at 29 n.28, 49-54. Among the paragraphs most illustrative of the undersigned's observation is:

> 239. The most recent U.S. bubble and resultant financial crisis and Great Recession were driven by three epidemics of fraud led by elite bankers; 1) appraisal fraud, 2) "stated income/liar's" loans (collectively, loan origination frauds by IndyMac, Lehman Brothers and DBNTC *et al* in a joint venture), and 3) resale of such fraudulently originated mortgages through sham "representations and warranties" to the secondary market and the public.

*Id.* at 40.

**Appendix A**

Raja, et al. v. FDIC, et al.

The undersigned is mindful that Plaintiffs are proceeding *pro se*, and that a "less stringent standard" must be applied to the Court's assessment of their compliance with Rule 8. However, the "less stringent standard" must be applied in the context of the notice given to Plaintiffs by the Eastern District of Virginia, and the Fourth Circuit, that they were expected to confine their Complaint to "a short and plain statement of the claim showing that the pleader is entitled to relief." *See, e.g.*, Notice of Filing (ECF No. 18).[7]

The undersigned does not doubt that Plaintiffs feel strongly about the events contemporaneous with and subsequent to the refinancing of their home, and, more broadly, the various regulations affecting the home mortgage industry. However, their passion does not permit this Court to dispense with the requirements of Rule 8(a)(2).

---

[7] Plaintiffs, in their opposition to Defendants' motions, make no attempt to explain how their seventy-five-page, 447-paragraph Complaint constitutes "a short and plain statement[.]" Instead, they simply state their disagreement with Defendants' contentions regarding Rule 8, and comment on the length of Defendants' motions. *See, e.g.*, Plaintiffs' Memorandum in Opposition to CIT Bank NA, One West Bank, NA and IndyMac Mortgage Services' Motion to Dismiss Verified Complaint (ECF No. 76) at 20-25; *see also supra* n.5 and accompanying text.

**Appendix A**

Raja, et al. v. FDIC, et al.

**CONCLUSION**

For all of the foregoing reasons, it is this 31st day of August, 2020,

**RECOMMENDED** that each of the four pending motions to dismiss (ECF Nos. 58, 61, 66, 81) be **GRANTED** for Plaintiffs' noncompliance with Rule 8(a)(2).[8]

Deborah A. Robinson<br>
Digitally signed by Deborah A. Robinson<br>
Date: 2020.08.31 14:23:02 -04'00'<br>
_____<br>
DEBORAH A. ROBINSON<br>
United States Magistrate Judge

Within fourteen days, any party may file written objections to this report and recommendation. The objections shall specifically identify the portions of the findings and recommendations to which objection is made and the basis of each such objection. In the absence of timely objections, further review of issues addressed herein may be deemed waived.

---

[8] *See supra* n.6. In any event, the undersigned -- like the court in *Terrell* – finds that "the opaque allegations in the . . . Complaint make it difficult for the Court to consider [Defendants'] res judicata and statute of limitations arguments." *Terrell*, 2020 WL 4673420, at *4.

7