UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| M. NAWAZ RAJA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*, <br><br> Defendants. | Case No. 16-cv-511 (JMC) |

### MEMORANDUM OPINION

Plaintiffs M. Nawaz Raja and Neelum Nawaz Raja filed this action against more than a dozen financial institutions or subsidiaries, and one individual financial officer. For the second time, Plaintiffs' complaint fails to satisfy Federal Rule of Civil Procedure 8(a)'s requirements that such pleadings contain "a short and plain statement" of their claims. And even had Plaintiffs sufficiently complied with Rule 8, there has been extensive prior litigation regarding the facts and circumstances raised in this case, meaning that Plaintiffs' claims against nearly all Defendants are also barred by principles of res judicata. Accordingly, Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.[1]

**I.   BACKGROUND**

Plaintiffs, a married couple residing in Virginia, maintain that their 2006 home loan refinancing was illegally procured through Defendants' fraud and violations of the Federal Truth

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

in Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.*, and that the loan was subsequently unlawfully securitized and assigned to various Defendants. As a result, Plaintiffs claim that subsequent attempts to foreclose on their home were illegal. They are no strangers to litigation: Plaintiffs have repeatedly sued most of the Defendants in federal or state court, or both.

In general, each suit has alleged fraud and challenged the validity of the refinancing of their home loan and subsequent attempts to foreclose on their home. *See Raja v. Merscorp, Inc.*, No. 1:14-cv-1663, 2015 WL 10937406, at *1–4 & n.2 (E.D. Va. Aug. 17, 2015) (describing the Plaintiffs' three state, two federal, and two bankruptcy actions).[2] None of these suits have been successful. Most recently, in May 2016, the Eastern District of Virginia dismissed Plaintiffs' claims with prejudice for repeat failure to conform with Rule 8 and failure to state a claim, among other reasons. *Raja v. Merscorp, Inc.*, No. 1:14-cv-1663, 2016 WL 8938518, at *1 (E.D. Va. May 11, 2016). The court also granted a motion for sanctions filed by one of the defendants, noting that "Plaintiffs[] have rightfully acquired the label of serial filers." *Raja v. Merscorp, Inc.*, 1:14-cv-1663 (E.D. Va. June 21, 2016), ECF 308 at 1. The Fourth Circuit affirmed both decisions and Plaintiffs petitioned for certiorari, which the Supreme Court denied. *Raja v. Merscorp, Inc.*, 672 F. App'x 250 (4th Cir. Dec. 22, 2016); *Raja v. Merscorp, Inc.*, 581 U.S. 973 (2017).

Seeking to try their luck in a new forum, Plaintiffs brought this suit just before the Eastern District of Virginia dismissed their suit with prejudice. *See* ECF 1. They filed a 447-paragraph complaint and once again alleged that Merscorp, Inc., and other financial institutions defrauded them in connection with their home loan. *See, e.g.*, *id.* ¶¶ 39–47, 61–66. Plaintiffs served some, but not all, of the Defendants, and the Court dismissed Plaintiffs' claims against Defendants IMB

---

[2] The Court takes judicial notice of the court records of Plaintiffs' prior actions and considers them in assessing Defendants' motions to dismiss. *See Kapersky Lab, Inc. v. U.S. Dep't of Homeland Sec.*, 909 F.3d 446, 464 (D.C. Cir 2018); *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010) ("Th[e] ability to take notice of adjudicative facts extends to judicial notice of court records in related proceedings.").

Holdco LLC and Indy Mac Ventures LLC without prejudice for failure to effectuate service. ECF 103. The Court then adopted Magistrate Judge Robinson's report & recommendation over Plaintiffs' objections, dismissing Plaintiffs' complaint as to all remaining Defendants for failure to comply with Federal Rule of Civil Procedure 8's pleading requirements. ECF 113 at 4–6. Because Plaintiffs are *pro se* and their initial complaint was their "first complaint in this action," the Court afforded them an opportunity to file an amended complaint correcting the deficiencies in their initial complaint. *Id.* at 5–6.

Plaintiffs filed an amended complaint. ECF 115. Every Defendant who appeared then moved to dismiss. *See* ECF 118; ECF 119; ECF 120. The Defendants remaining in this case who have been served and appeared can be divided in two categories. The "Repeat Defendants" are entities Plaintiffs have previously sued concerning their home refinancing, which include Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Company, Deutsche Bank AG, Deutsche Bank Securities, Inc., IndyMac ABS, Inc., IndyMac MBS, Inc., and CIT Bank.[3] *See* ECF 120. The "FDIC Defendants" include the Federal Deposit Insurance Corporation (FDIC) in its capacity as Receiver for IndyMac Bank, F.S.B., and the FDIC in its capacity as Receiver for IndyMac Federal Bank, F.S.B. ECF 118.

Defendants urge the Court to dismiss Plaintiffs' amended complaint with prejudice on several grounds, including that the amended complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8 and 9(b), and that Plaintiffs' claims are precluded by the

---

[3] Plaintiffs have improperly named two Defendants. They have named IndyMac Mortgage Services as a Defendant, but this entity is a division of CIT Bank, N.A., not an independent corporate entity. ECF 119-1 at 5 n.1. Similarly, One West Bank merged with CIT Bank, N.A. in 2015. *Id.* Accordingly, the Court shall refer to CIT Bank, N.A., One West Bank, and IndyMac Mortgage Services collectively as "CIT Bank."

3

dismissals of their prior lawsuits. ECF 118 at 30, 33; ECF 119-1 at 5–6; ECF 120-1 at 13. Several Defendants also move to dismiss for lack of proper service.[4]

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Under Rule 12(b)(6) a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* complaints are "held to less stringent standards" and "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still "plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79). The Court must assume that the factual allegations made in a plaintiff's complaint are true and give the plaintiff the benefit of favorable inferences that may be drawn from the facts the plaintiff alleges. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000).

### B. Rule 8

Federal Rule of Civil Procedure 8(a)(2) provides that any pleading asserting a claim for relief must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) requires that pleadings be "simple, concise, and direct." *Id.* 8(d)(1). "Taken together, Rules 8(a) and 8[(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). "Enforcing these rules is largely a matter for the trial court's discretion," *id.*, and "[i]n some

---

[4] The CIT Bank Defendants argue that Plaintiffs have not properly served them, ECF 119, an issue that Plaintiffs contest. ECF 128 at 4–9. Additionally, Defendants Indy Mac Indx 2006-AR8 and Mike Perry were never served by Plaintiffs and have not appeared, ECF 104 at 2 n.3, although they have not yet been dismissed from the case on this basis. Finally, Plaintiffs' amended complaint continues to name IMB Holdco LLC and Indy Mac Ventures, LLC as Defendants even though they were previously dismissed for failure to serve. ECF 103; ECF 115.

4

circumstances, if a party fails or refuses to file an amended or simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be warranted," *Chennareddy v. Dodaro*, 282 F.R.D. 9, 15 (D.D.C. 2012) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 (3d ed. 1998)), *aff'd*, 697 F. App'x 704 (D.C. Cir. 2017).

### C.  Res Judicata

Defendants seeking dismissal under Rule 12(b)(6) may raise the preclusive effect of a prior judgment as an affirmative defense. *See Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011), *aff'd*, No. 11-5152, 2012 WL 1155698 (D.C. Cir. Mar. 8, 2012). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* Importantly, under rules of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Whether two cases implicate the same cause of action turns on whether they share the same nucleus of facts." *Id.*

These defenses of issue and claim preclusion may be established "from the face of the complaint, matters fairly incorporated within it, and matters susceptible to judicial notice," *Lewis*, 777 F. Supp. 2d at 159, including records from other court proceedings*, see Covad Commc'ns Co.*

5

*v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

### III.   ANALYSIS

The Court finds that Plaintiffs' complaint must be dismissed on two grounds: Plaintiffs have again failed to comply with Rule 8, and their claims are barred by the effect of res judicata arising from their previously dismissed lawsuits regarding the same claims and issues.

#### A.  Plaintiffs' Complaint Again Fails to Satisfy Rule 8.

Under Rule 8, a plaintiff must file a "short and plain statement" establishing their claim to relief. Fed. R. Civ. P. 8(a)(2). Both Magistrate Judge Robinson and this Court informed Plaintiffs that their initial 447-paragraph complaint failed to satisfy this standard, resulting in the dismissal without prejudice of their claims. ECF 104; ECF 113. Plaintiffs were thus on notice that their amended complaint needed to comply with Rule 8 to survive, and that a complaint including "unnecessary facts, conclusory allegations, and vague assertions" would again be dismissed. ECF 113 at 4–5. Plaintiffs ignored this guidance, filing an amended complaint that is again "long, rambling, disjointed, [and] incoherent" and which contains "an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017). As a result, the amended complaint "patently fail[s]" to satisfy Rule 8. *Id.*; *see also Chennareddy*, 697 F. App'x at 706 ("[D]isjointed, voluminous, and unspecific pleadings do not comport with Rule 8.").

Plaintiffs' amended complaint spans 43 pages and includes 233 numbered paragraphs. ECF 115. It is largely a reproduction of Plaintiffs' prior complaint with only a few a paragraphs removed, leaving behind dozens of pages containing confusing allegations and excessive information. For example, paragraph 135 of the amended complaint reads:

6

> The most recent U.S. bubble and resultant financial crisis and Great Recession were driven by three epidemics of fraud led by elite bankers; 1) appraisal fraud, 2) "stated income/liar's" loans (collectively, loan origination frauds by IndyMac, and DBNTC *etal* in a joint venture), and 3) resale of such fraudulently originated mortgages through sham "representations and warranties" to the secondary market and the public.

This paragraph is plucked directly from the initial complaint, ECF 1 ¶ 239, and was noted by Magistrate Judge Robinson as "among the paragraphs most illustrative" of Plaintiffs' failure to comply with Rule 8, ECF 104 at 5. Nevertheless, Plaintiffs chose to reproduce the paragraph—without modifying anything other than removing one of the alleged fraudsters—in their amended complaint. In essence, the amended complaint is hardly amended at all. It retains 170 allegations from the initial complaint, many word-for-word, and asserts largely the same legal claims. *See* ECF 120-3 (Defendants' chart comparing the initial and amended complaints). Instead of shortening their amended complaint, Plaintiffs simply combined paragraphs from their initial complaint, likely to create the appearance of brevity without doing any of the actual work to make their claims apparent.

      Plaintiffs once again defend their complaint as a "detailed recitation of Plaintiffs' factual assertions that more than satisfies pleading requirements," ECF 129 at 6, and argue that Defendants are trying to catch them between Rule 8's "short and plain statement" rule and the demands of Rule 9(b), which requires plaintiffs alleging fraud to "state with particularity the circumstances constituting fraud or mistake," *id.* at 7; *see* Fed. R. Civ. P. 9(b). But as the Court previously noted, the issue is not solely the length of Plaintiffs' complaint and the amount of detail included, but the fact that those facts are not presented in a "clear and concise manner." ECF 113 at 5; *see Ciralsky*, 355 F.3d at 670 (noting that a lengthy complaint may nevertheless meet the standard of being "simple, concise, and direct" under Rule 8, especially when the case involves multiple claims); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims . . . as it has.").

7

Plaintiffs' amended complaint fails under Rule 8 because even as amended, it is so "unclear" that it "fail[s] to give the defendants fair notice of the claims against them." *Ciralsky*, 355 F.3d at 670. Plaintiffs' complaint brings vague, conclusory allegations of unlawful and fraudulent action against all Defendants, without providing clarity as to which Defendants the allegations apply, and what those Defendants are specifically alleged to have done to harm Plaintiffs. For just one example of many: the complaint, while naming the FDIC Defendants in the caption and discussing actions by these Defendants in the body of the complaint—many of them not unlawful or tortious—does not tie the FDIC Defendants to any specific causes of action or prayers for relief. It is thus unclear as to what causes of action exactly the FDIC Defendants are being sued for. *See* ECF 115 at ¶¶ 2, 157–233. As such, the complaint again fails to meet the standard required by Rule 8. *See T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013) (noting that a "disjointed [and] incoherent" complaint does not meet Rule 8's requirements); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (requiring that a complaint state factual allegations that provide "fair notice of the nature of the claim" and "grounds on which the claim rests").

The Court concludes that this repeated failure to comply with Rule 8 justifies dismissal with prejudice. While Plaintiffs are proceeding *pro se* and are subject to a less stringent standard, "this consideration does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure."[5] *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). While dismissals with prejudice are a harsh sanction, this complaint, even as amended, exhibits the "traits

---

[5] Plaintiffs were warned at the outset of the litigation by then-Judge Ketanji Brown Jackson and Magistrate Judge Robinson that they were obligated to comply with the Federal Rules of Civil Procedure and the rules of this Court. *See* ECF 4; ECF 32. The record also demonstrates that Plaintiffs were on notice of and have in fact responded to Defendants' arguments that the amended compliant should be dismissed with prejudice for repeated failures to comply with Rule 8 and res judicata. *See, e.g.*, ECF 127 at 54; ECF 128 at 41; ECF 129 at 23–37.

that often justify [such] dismissals under Rule 8." *Ciralsky*, 355 F.3d at 670; *see Artis v. Yellen*, 309 F.R.D. 69, 73 (D.D.C. 2015) ("[I]f a party fails or refuses to file an amended and simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be warranted."), *aff'd*, No. 15-5260, 2015 WL 10583057 (D.C. Cir. Dec. 21, 2015). While "[o]rdinarily[] the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend," where, as here, the plaintiffs have "shown that [they are] no stranger[s] to the courts, having filed [multiple] previous lawsuits akin to this one," which also involved repeated failures to abide by Rule 8's requirements, "dismissal with prejudice is not inappropriate."[6] *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). The Court thus finds that Plaintiffs' repeated failure to satisfy Rule 8's requirements justifies dismissal of Plaintiffs' claims with prejudice, including as to the Defendants who have not been served or appeared. *See Williams v. Savage*, 569 F. Supp. 2d 99, 112 (D.D.C. 2008) (approving *sua sponte* dismissal "if it is patently obvious that dismissal is appropriate").

### B.  Plaintiffs' Claims Against the Repeat Defendants are Precluded.

Even if the amended complaint had satisfied Rule 8, all of Plaintiffs' claims against the Repeat Defendants must also be dismissed with prejudice under Rule 12(b)(6) for the independent reason that they are barred by principles of res judicata (claim and issue preclusion). Several of the purported claims against the FDIC Defendants are also barred by issue preclusion.

First, Plaintiffs' claims against the Repeat Defendants are barred by claim preclusion. In general, plaintiffs are expected to "present in one suit all the claims for relief that [they] may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d

---

[6] In an order granting a motion for sanctions against Plaintiffs for frivolous litigation, the Eastern District of Virginia also stated that "Plaintiffs[] have rightfully acquired the label of serial filers." ECF 120-5 at 2.

9

195, 205 (D.C. Cir. 1985). Claim preclusion bars a lawsuit if there has been "prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Nat. Res. Def. Council v. EPA*, 513 F.3d 257, 260 (D.C. Cir. 2008). In essence, claim preclusion "prevents a party from filing a new civil action which is based on the same operative facts as underlay a previously-litigated civil action." *Morton v. Locke*, 387 F. App'x 1, 1 (D.C. Cir. 2010) (citing *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009)). Two suits implicate the same cause of action when "they share the same nucleus of facts." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004). For the purposes of triggering claim preclusion, a dismissal with prejudice functions as a dismissal on the merits. *Ciralsky*, 355 F.3d at 669 ("Such a dismissal . . . impose[s] the bar of res judicata against any future filing.").

Plaintiffs' claims are barred by the dismissals of their prior lawsuits, most recently Judge Liam O'Grady's 2016 dismissal of their amended complaint in the Eastern District of Virginia, subsequently affirmed by the Fourth Circuit. *See Raja*, 2016 WL 8938518, at *1–3; *see also* ECF 120-4 (the same order docketed as an exhibit in this case). Earlier in the litigation, Judge O'Grady had summarized Plaintiffs' claims before the Eastern District of Virginia as follows:

> Plaintiffs essentially allege that the original lender illegally assigned or transferred the deed of trust, thereby precluding any of the defendants from claiming legal ownership of plaintiffs' promissory note and deed of trust. Plaintiffs contend that the defendants therefore cannot foreclose on the Park Brooke property. Plaintiffs also dispute the validity of the original loan due to alleged errors in execution, alleged failure on the part of the lender to make required disclosures, and the plaintiffs' alleged rescission of the loan.

*Raja*, 2015 WL 10937406 at *4. A comparison of the complaint dismissed by Judge O'Grady and the amended complaint under consideration here indicates that the facts underlying the lawsuits are almost completely identical, centering around the same allegations regarding Plaintiffs' home refinancing. *See, e.g.*, ECF 115 ¶ 64 (alleging unspecified defects in the

10

foreclosure process, errors in the assignment of note and the chain of assignment); *id.* ¶¶ 40, 42, 54, 65, 75–77, 97, 99, 138 (describing various allegedly fraudulent activities that defendants engaged in with respect to Plaintiffs' mortgage and foreclosure). Indeed, many of Plaintiffs' present allegations in the complaint are regurgitations of previously dismissed allegations. *Compare* ECF 115 ¶ 178 ("[Defendants] . . . have concealed the illegal acts of selling Plaintiff['s] loan to various entities, through network agreement. No such disclosure was provided to Plaintiffs."), *with* ECF 120-6 ¶ 167 ("[Defendants] . . . have concealed the illegal acts of selling Plaintiff[s'] loan to various entities. No such disclosure was provided to Plaintiffs by Defendants."); *see also* ECF 120-1 at 27–29 (chart demonstrating the identical claims raised here and before E.D. Va.). Each of the Repeat Defendants, their proxy, or those in privity with them were also defendants in Plaintiffs' prior Eastern District of Virginia action. *Compare* ECF 115 (listing present defendants), *with* ECF 120-6 (amended complaint from E.D. Va. action listing prior defendants).[7]

Given the identical facts and identical parties, it is not surprising that many of the legal claims were in fact raised and decided against Plaintiffs on the merits in the prior proceeding. These include Plaintiffs' TILA claims (Counts I–IV in their amended complaint), which are the same as those that Judge O'Grady directly addressed and dismissed on the merits for failure to state a claim. *See Raja*, 2016 WL 8938518 at *1–2; ECF 120-4 at 3–5. Plaintiffs also bring claims in their current complaint alleging fraud and fraudulent concealment in various Defendants' handling of Plaintiffs' loan. *See* ECF 115 ¶¶ 215–225. But the prior complaint included federal

---

[7] This includes Defendant Mike Perry who, while not named in Plaintiffs' prior suit, is sued here "individually in his capacity as a [former] corporate officer of Indy Mac." ECF 115 ¶ 5. Given that Plaintiffs' allegations against Perry concern his "supervision and instruction[]" of Indy Mac in an alleged fraudulent loan scheme, ECF 115 ¶¶ 101–04, the Court interprets Plaintiffs' suit against Mr. Perry as one concerning his actions in his official capacity as CEO, and he thus stands as one in privity with the Indy Mac Defendants. *See Herrion v. Children's Hosp. Nat'l Med. Ctr.*, 786 F. Supp. 2d 359, 371 (D.D.C.) ("One particular form of privity may arise where two parties are bound by an agency relationship."), *aff'd*, 448 F. App'x 71 (D.C. Cir. 2011).

RICO claims "with fraud as the predicate act," and Judge O'Grady dismissed those claims on the merits under Rule 9(b) for failure to sufficiently plead any fraudulent activity and to differentiate between the Defendants with respect to the fraud claims. *Raja*, 2016 WL 8938518 at *2; ECF 120-4 at 5.

Plaintiffs' prior complaint also included claims of breach of contract, slander of title, appraisal fraud, and unjust enrichment, nearly identical to those that they bring here. *Compare* ECF 115 ¶¶ 184–214, 226–33 (Counts V, VI, VII, IX), *with* ECF 120-6 ¶¶ 212–29 (E.D. Va. complaint Counts X, XI, XII, XIII). Plaintiffs seize on the language in Judge O'Grady's dismissal order stating that after ruling on the merits of the federal-law claims, he "decline[d] to exercise jurisdiction over the . . . state law claims," *Raja*, 2016 WL 8938518 at *3; ECF 120-4 at 6, to argue that these claims were not decided in the prior action, ECF 129 at 24. They ignore that notwithstanding those statements, Judge O'Grady proceeded to dismiss the *entire* complaint with prejudice, not only for failure to state a claim, but for "many reasons—including Plaintiffs' dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to Defendants, and the demonstrated futility of further amendment." *Raja*, 2016 WL 8938518 at *3; ECF 120-4 at 6.

In any event, for claim preclusion to apply, the claims raised and decided on the merits need not be "literally identical" to those raised in the prior adjudication. *Capitol Hill Grp. v. Pillsbury Winthrop Shaw Pittman, LLP*, 574 F. Supp. 2d 143, 149 (D.D.C. 2008), *aff'd*, 569 F.3d 485. Claim preclusion bars all Plaintiffs' claims against the Repeat Defendants in the amended complaint because they are ones arising out of the shared nucleus of facts and thus "might have been brought in a prior action resolved on its merits." *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983). It is enough that a plaintiff's claims, like those here, "arise from ostensibly the

same factual allegations" as in a previously decided suit. *Kelly v. NovaStar*, 637 F. Supp. 2d 34, 39 (D.D.C. 2009); *Blake Constr. Co.*, 765 F.2d at 209–10 ("The doctrine of res judicata encourages a plaintiff to mount in a single action its claims against the party which it has haled into court. . . . A party who makes a unilateral, unauthorized determination not to go forward on issues that were properly in the case does so at its own peril.").

Plaintiffs also face the hurdle of issue preclusion on issues key to the heart of their case. A "party is barred from relitigating an issue" if (1) the issue was "contested by the parties and submitted for judicial determination in the prior case," (2) the issue was "actually and necessarily determined by a court of competent jurisdiction in that prior case," and (3) preclusion would not "work a basic unfairness to the party bound by the first determination." *Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295, 301 (D.C. Cir. 2015). In this case, Plaintiffs make various assertions regarding the invalidity of purported assignments or transfers of their loan and trustee substitutions. *See, e.g.*, ECF 115 ¶¶ 60, 62, 64, 66, 177–78, 210. They argue that these defects in the chain of assignment or securitization process are grounds for this Court to halt any current or future foreclosure proceedings. *See id.* ¶ 231. But this issue was already decided against Plaintiffs in the prior action. When addressing Plaintiffs' claims, Judge O'Grady found that "[a]s an overarching matter, Plaintiffs lack standing to assert claims premised on the validity of transactions to which they were not parties and of which they were not beneficiaries, including the appointment of a substitute trustee, the assignment of the deed of trust, or any part of the securitization process." *Raja*, 2016 WL 8938518 at *1; ECF 120-4 at 3.

Plaintiffs are bound by Judge O'Grady's decision on this issue and face no "basic unfairness" from being so precluded, given that they were the ones who "contested" the issue in the prior action, and the issue was "actually and necessarily decided" by the prior court.

13

*Canonsburg Gen. Hosp*, 807 F.3d at 301. The decision on this issue not only binds Plaintiffs in their case against the Repeat Defendants, but also as to the FDIC Defendants, even though they were not sued in the prior case. *Hinton v. Rudasill*, 624 F. Supp. 2d 48, 51 (D.D.C. 2009) ("[N]on-mutual defensive estoppel . . . bars a party who has had a full and fair opportunity to litigate an issue in an earlier case and lost from relitigating that same issue in a later case against a different defendant."), *aff'd*, 384 F. App'x 2 (D.C. Cir. 2010); *see also Pharm. Care Mgmt. Ass'n v. District of Columbia*, 522 F.3d 443, 446 (D.C. Cir. 2008). While it is not entirely clear from Plaintiffs' disorganized complaint as to which counts they premise on the alleged flaws in the treatment of their promissory note and deed of trust, this appears to include at minimum their counts for slander of title and quiet title (Count VII) and unjust enrichment (Count IX). *See* ECF 115 ¶¶ 202–14, 226–233. To the extent that Plaintiffs even sue the FDIC Defendants regarding these counts—a question not made clear by Plaintiffs' complaint—the claims would also be dismissed on that basis.

\* \* \*

In sum, Plaintiffs' claims must be dismissed with prejudice with respect to all Defendants. The amended complaint, like many of Plaintiffs' complaints before it, fails to meet the minimum pleading standards required by Rule 8. And even if the complaint had satisfied Rule 8, claim and issue preclusion bars Plaintiffs' claims with respect to the Repeat Defendants, as well as several of Plaintiffs' claims against the FDIC Defendants. The Court encourages Plaintiffs to reconsider filing duplicative actions regarding these same facts, circumstances, and legal issues. Courts are empowered to issue an injunction requiring *pro se* parties to seek leave of court to file new cases, and may do so when a Plaintiff continuously makes duplicative and frivolous filings. While the Court does not take that approach here, another may do so in the future.

Accordingly, Defendants' motions to dismiss, ECF 118; ECF 119; ECF 120, are **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE** with respect to all Defendants.

A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: January 26, 2026